# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IRIS MARTA ALOMAR,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:11-cv-1328-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's partial denial of Plaintiff's application for social security disability insurance benefits. For the reasons set forth herein, the decision of the Commissioner is **REVERSED and the matter is REMANDED** for further proceedings, consistent with this opinion.

## Procedural History

On November 6, 2007, Plaintiff protectively filed an application for Disability Insurance Benefits, alleging disability beginning July 29, 2007 (R. 128-130). The claims were denied initially and upon reconsideration (R. 73-77, 83-85). Plaintiff requested and received a hearing before an Administrative Law Judge ("the ALJ") (R. 40-72). The ALJ issued a partially favorable decision on June 12, 2010, finding Plaintiff to be disabled as of November 1, 2009, but not before that date (R. 26-35). The Appeals Council denied Plaintiff's request for review (R. 1-3), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed the instant action (Doc. No. 1), and the parties consented to the jurisdiction of the undersigned United States Magistrate Judge. The issues have been fully briefed and the case is ripe for review, pursuant to 42 U.S.C. § 405(g).

## Nature of Claimed Disability

Plaintiff claims to be disabled based on numerous "medical problems" (R. 155), including "stroke like symptoms," herniated disc disease, dizziness and vertigo, headaches, asthma, and abdominal, back, shoulder and arm pain (R. 51-53, 82, 152-153, 155).

*Summary of Evidence Before the ALJ*

Plaintiff was 64 years old at the time of the ALJ's decision (R. 47, 128), with a ninth or tenth grade education[1], and past relevant work experience as a hotel clerk, a legal secretary, and nursing assistant (R. 34, 48-51, 68-69, 161).

Plaintiff's pertinent medical history is set forth in detail in the ALJ's decision and, in the interests of privacy and brevity, is set forth in this opinion only as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert, written forms and reports completed by Plaintiff, and opinions from examining and non-examining consultants.

As noted above, the ALJ determined that Plaintiff was disabled as of November 1, 2009, but not before that date (R. 26-35). The ALJ found that:

> Since the alleged onset date of disability, July 29, 2007, the claimant has had the following severe impairments: obesity, asthma, acid reflux and a history of treatment for cerebrovascular accident (CVA). Beginning on the established onset date of disability, November 1, 2009, the claimant has had the following severe impairments: asthma, acid reflux, history of treatment for CVA and back surgery in 2009 (20 CFR 404.1520(c)).

(R. 28).

The ALJ determined that prior to November 1, 2009, Plaintiff had the residual functional capacity ("RFC") "to perform light work as defined in 20 CFR 404.1567(b) except she could occasionally climb stairs, balance, crouch, kneel or crawl" and that she should "avoid concentrated

---

[1] The record is conflicting on this point. *Compare* R. 159 with R. 48. For present purposes, the inconsistency is irrelevant.

exposure to fumes...," and concentrated exposure to hazards (R. 30). The ALJ determined that, beginning November 1, 2009, Plaintiff had the RFC "to perform sedentary work as defined in 20 CFR 404.1567(a) except she could lift less than ten pounds; she could not ambulate effectively on a sustained basis; she would need to shift periodically from sitting to standing and elevate her legs due to swelling; she could never crouch; she could occasionally perform manipulative activities..." (R. 33).

The ALJ next determined that, prior to November 1, 2009, Plaintiff was capable of performing past relevant work as a hotel clerk and legal secretary (R. 34). The ALJ determined that from November 1, 2009 forward, Plaintiff could not perform past relevant work (R. 34), and found that no jobs exist in significant numbers in the national economy that Plaintiff could perform (R. 35).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of

the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises a plethora of arguments supporting the general proposition that the decision of the Commissioner in finding Plaintiff not disabled from her alleged onset to November 1, 2009, is not supported by substantial evidence and does not comport with proper legal standards. Plaintiff contends that the ALJ erred in establishing an onset date of November 1, 2009 in that: 1) the selection of that onset date is not supported by substantial evidence; 2) substantial evidence supports a finding of disability prior to that date; 3) the ALJ failed to call a medical advisor to determine the onset date; 4) the ALJ erred in failing to provide findings or analysis regarding the demands of Plaintiff's past relevant work; 5) the finding that Plaintiff could return to her past relevant work is not supported by substantial evidence, including the testimony of the Vocational Expert; 6) the ALJ misapplied the Medical-Vocational Guidelines; 7) the ALJ failed to adequately evaluate and weigh the opinions of the treating physicians; and 8) the ALJ erred by failing to credit and include Plaintiff's headaches, dizziness, obstructive airway disease, abdominal problems, hemorrhoids, diverticulitis, fatty infiltration of liver and pancreas, and heart condition in her analysis. While the Court does not agree with every argument presented, it finds Plaintiff's general proposition to be correct, and reversal for further consideration is warranted.

*The five step evaluation*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R.

§ 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f).

Here, Plaintiff challenges the finding that she was not under a disability prior to November 1, 2009. With respect to that portion of the decision, the ALJ determined at Step 4 that Plaintiff was not disabled prior to November 1, 2009, as she could return to her past work. The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Thus, at all times relevant to this review, the burden was with Plaintiff.

*Establishing the onset date*

As noted in an unpublished opinion of the Eleventh Circuit:

Social Security Ruling 83-20 states, in relevant part, that: In addition to determining that an individual is disabled, the decisionmaker must also establish the onset date of disability. In many claims, the onset date is critical; it may affect the period for which the individual can be paid and may even be determinative of whether the individual is entitled to or eligible for any benefits. SSR 83-20. Further, SSR 83-20 defines the onset date of disability as "the first day an individual is disabled as defined in the Act and the regulations." There are two situations where the ruling suggests the need for the ALJ to call a medical advisor during a hearing: (1) where it may be possible, based on medical evidence, to "reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination"; and (2) in terms of a malignant neoplastic disease, "[t]o establish onset of disability prior to the time a malignancy is first demonstrated to be inoperable or beyond control by other modes of therapy." *Id.*

*Klawinski v. Commissioner of Social Sec.*, 391 Fed.Appx. 772, 775-776 (11th Cir. 2010).[2] Thus, it is the duty of the ALJ to establish the onset date of disability, once he or she has determined that an individual is disabled, and that duty may include the need to call a medical advisor. Applied here, the ALJ determined Plaintiff was disabled only on and after November 1, 2009. Although Plaintiff presents many overlapping arguments, the Court finds her initial contention — that the ALJ's onset date is not adequately explained or supported – to be determinative.

As is clear in even a cursory review of the medical record, Plaintiff, a 64 year old woman at the time of the hearing, did indeed have significant "medical problems," including intracranial hemorrhage with resulting procedures and residuals (right frontal ventriculostomy placement, four-vessel angiogram, ventriculoperitoneal shunt placement, vertigo, nausea, headaches) (R. 219-223, 231-232, 260-300, 351-52); a long-standing asthma and allergy impairment which resulted in acute and "stormy" flare-ups that were resistant to treatment (R. 400-418), diverticulitis and gastritis with H. pylori infection, repeated abdominal pain and a hiatal hernia (R. 391-399, 413), and a host of other ailments, including hypertension and other cardiac issues (R. 376-382). In acknowledging several of these impairments, the ALJ made a distinction, as quoted above, between Plaintiff's impairments prior to November 1, 2009, and those after that date (R. 28). The only addition to the post November 2009 listing of impairments, however, is the finding of "back surgery in 2009." *Id.* In determining the more restrictive RFC for the post November period, the ALJ states only:

> In reaching this conclusion, the undersigned finds that beginning on November 1, 2009, the claimant's allegations regarding her symptoms and limitations are generally credible. The claimant complained of increased back pain. An MRI of the claimant's

---

[2]The Eleventh Circuit also observed that: "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. *Sullivan v. Zebley*, 493 U.S. 521, 531 n. 9, 110 S.Ct. 885, 891 n. 9, 107 L.Ed.2d 967 (1990). Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference, if the underlying statute is unclear and the legislative history offers no guidance. *B. ex rel. B. v. Schweiker,* 643 F.2d 1069, 1071 (5th Cir. 1981)." *Klawinski,* 391 Fed. Appx. at 775.

> cervical spine revealed a new disk protrusion at C4-C5 with compromise of her C5 nerve root and cord compression (Exhibit l6F). It also revealed a stable paracentral protrusion of bony ridge at C5-C6 with compromise of C6 root and paracentral protrusion at C6-C7 with compromise of her C7 nerve root. The claimant underwent arthrodesies at C4-C5 and C5-6 decompressive foraminotomies at bilateral C4-C5 and C5-C6 bilaterally and anterior cervical plating at C4-C6. Upon discharge from this hospital, the claimant was diagnosed with cervical spine spondylitic disease at C3-7 with spinal stenosis and cord compression at C4-5.
>
> As for the opinion evidence, the claimant's surgeon Christopher J. Baker, M.D. wrote on December 7, 2009 that the claimant had cervical spondylitic disease from C3-C7 (Exhibit l7F). He noted that he operated on the levels of spinal cord compression and worst degenerative disease. The claimant reported that she still had some residual pain and that the pain in her right arm and neck had decreased. The undersigned has given significant weight to the opinion of Dr. Baker because of his board certification in neurological surgery and because his opinion is consistent with the medical evidence of record.
>
> In summary, after carefully considering the documentary evidence in conjunction with the claimant's appearance and testimony at the hearing, the undersigned concludes that the claimant's subjective complaints are as severe and limiting as alleged and would preclude her from performing work at the residual functional capacity noted above on a regular and continuing basis.

(R. 33-34).

The Court finds this limited explanation to be insufficient to support the onset date.

As noted, although the ALJ discussed Plaintiff's back pain and surgery, she did not provide a clear explanation as to how this particular date was chosen or why this impairment was disabling on November 1, 2009, but not before (R. 33-34).[3] Further, what little explanation is offered by the ALJ does not provide substantial evidence for a finding of disability onset of November 1, 2009.

The ALJ mentions that Plaintiff "complained of increased back pain." As noted by Plaintiff, however, her medical records show back pain and sciatica complaints dating back to 1996 (R. 665). Plaintiff was diagnosed with back, neck and shoulder pain by her primary care provider well prior to November 2009, and the record reflects significant pain treatment for this condition over the years.

---

[3] Although the Commissioner purports to provide a "legitimate medical basis" for the selection of the onset date in his briefing (Doc. No. 25 - pp. 17-19), it is well-settled that such *post hoc* rationales are not grounds the Court can consider. *See Baker v. Commissioner of Social Sec.,* 384 Fed.Appx. 893 (11th Cir. 2010) (court may not accept *post hoc* rationalizations for agency actions).

*See, e.g.,* R. 601-602 (hydrocodone prescribed), 445, 449 (oxycontin prescribed for shoulder pain and headaches), 640, 666-670 (2004 hospital admission for cervical epidural for neck pain), 491 (July 2009 treatment record noting complaints of pain and "DJD of LS spine").

The ALJ also mentioned the 2009 MRI, which showed significant cervical spine spondylitic disease. This October 22, 2009 test (R. 730), however, was ordered on October 21, 2009, to "evaluate cervical radiculopathy" assessed by Plaintiff's family practitioner (R. 487-88) and reflected in the earlier treatment findings of neck and shoulder pain. Indeed, the 2009 MRI was compared to the *2004* MRI, which "was significant for a right C6 nerve root compression by disk/spur at the C5-C6 level with anterior dural sac compression and also at the C6-C7 level. There is also some thoracic spondylosis." (R. 666). Although Plaintiff received epidural injections in 2004 for her cervical condition, her treating doctor noted that "she continues to require pain medication" (R. 666). The subsequent medical records cited above reflect narcotics were, indeed, regularly prescribed.

While Plaintiff finally had surgery for her well-established cord compression and spondylitic disease on November 1, 2009, it is evident that the pain and limitations of the condition were impacting her well prior to that date. There is no support for a conclusion that Plaintiff's neck and back issues began suddenly in November 2009, and no analysis of why her long-standing impairment was not disabling prior to that time. This is error. The decision must be reversed for further findings, with or without additional proceedings.[4]

Having established that the administrative decision must be reversed and the matter remanded for additional consideration of the onset date, the Court need not address the other contentions raised by Plaintiff, other than to direct that, on remand, the ALJ consider the combined effect of all of Plaintiff's established impairments in determining the date of onset. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir.1987) ("it is the duty of the [ALJ] to make specific and well-articulated findings as to

---

[4]Although there is support for Plaintiff's contention that the services of a medical advisor should be secured in order to determine an onset date, the Court leaves this decision (and the burden to justify same) up to the Commissioner.

the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled."). This reconsideration of the impairment evidence, in combination, necessarily includes a second look at the opinions of the treating providers, nearly *all* of whom opined that Plaintiff was disabled.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and was not made in accordance with proper legal standards. As such, to the extent the decision finds that Plaintiff was not disabled prior to November 1, 2009, the decision is **REVERSED and the matter is REMANDED** under sentence four of 42 U.S.C. § 405(g), for further findings as to the onset date of Plaintiff's disability, with instructions to fully evaluate the combined effect of all of Plaintiff's established impairments; and to conduct any additional proceedings deemed appropriate. The portion of the decision finding that Plaintiff was disabled after November 1, 2009 is not disturbed. **The Clerk is directed to enter judgment accordingly, and close the file.**

**DONE** and **ORDERED** in Orlando, Florida on August 21, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record